**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
JARED W. BEILKE, STATE BAR NO. 195698
ADAM J. SHERMAN, STATE BAR NO. 316351

Attorneys for Plaintiff
STEVEN SHERIFF

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 14 2020

BY_____
FELIX GARZA, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

STEVEN SHERIFF, an individual,

Plaintiff,

vs.

FOOD SERVICES, INC. OF GAINSEVILLE, DBA GAINSEVILLE SERVICES, a Georgia corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: CIVDS 2023077

**COMPLAINT FOR:**

1. DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ. ("FEHA");
2. FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;
3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;
4. FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE FEHA;
5. RETALIATION IN VIOLATION OF THE FEHA;
6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
7. DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT ("ADA")
8. RETALIATION IN VIOLATION OF THE ADA
9. FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA
10. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE ADA
11. FAILURE TO PREVENT IN VIOLATION OF THE ADA

**DEMAND FOR JURY TRIAL**

1
COMPLAINT

Exhibit 1 Page 10

Plaintiff STEVEN SHERIFF hereby brings his complaint against the above-named Defendants and states and alleges as follows:

## THE PARTIES

1. At all times mentioned herein, Plaintiff STEVEN SHERIFF was a resident of the state of California. At all relevant times, Plaintiff was a "person" within the meaning of California Government Code sections 12925, 12940, and any other applicable statutes. Plaintiff was also an "employee" within the meaning of California Government Code sections 12926, 12940, and any other applicable statutes.

2. At all times mentioned herein, Defendant FOOD SERVICES, INC. OF GAINSEVILL, DBA, GAINSEVILLE SERVICES ("FSIG") was a Georgia Corporation, licensed to do business and doing business in the state of California, county of San Bernardino. At the time the causes of action arose, FSIG was Plaintiff's employer. At all relevant times, FSIG was and is an "employer" within the meaning of California Government Code sections 12926, 12940, 12951, and all other applicable statutes, and a "person" subject to Civil Code section 51.9. FSIG is and was a "covered entity" and an "employer, employment agency, labor organization or joint labor-management committee" as defined by 42 USC section 12111(2) and 29 CFR section 1630.2(b). FSIG had at least 15 or more employees on each working day in each of 20 or more calendar weeks in the current and/or preceding calendar year.

3. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a

joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

5. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

## JURISDICTION AND VENUE

6. The Court has jurisdiction in this matter pursuant to Code of Civil Procedure section 410.10 because the incident and/or damages occurred within the City of Fort Irwin, County of San Bernardino, State of California.

7. Venue is proper in this Court pursuant to the provisions of Code of Civil Procedure sections 395 through 395.5, in that the incident occurred and Defendants' obligations and liability arose in the City of Fort Irwin, County of San Bernardino, State of California.

8. The amount of damages sought by this Complaint exceeds the minimum jurisdictional limits of this Court.

## ALLEGATIONS

9. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in all preceding paragraphs as though fully set forth here.

10. Plaintiff began his employment with Defendants in or around March 2017 as a Dining Facility Attendant, until Defendants terminated his employment on or around September 16, 2019.

11. Throughout Plaintiff's employment with Defendant, Plaintiff was an exemplary employee. At all relevant times, Plaintiff was capable of performing all essential job functions with or without reasonable accommodation.

12. On or around February 6, 2019, Plaintiff went on a leave of absence through Worker's Compensation ("WC"), because of an upper back injury he sustained at work. Plaintiff was cleaning the floors with a soapy solution when he slipped and fell. Because Plaintiff was never provided with the appropriate safety equipment by his employer, he slipped and fell.

13. After his injury, Plaintiff's doctor placed him on restrictions. Plaintiff could not lift more than 10 pounds, climb, or bend.

3
COMPLAINT

Exhibit 1 Page 12

14. Defendants told Plaintiff that they would not accommodate his restrictions and that he had to remain on leave.

15. On or around August 26, 2019, Plaintiff's doctor lifted his restrictions on a trial basis. The doctor's office sent a copy of the release to Defendants.

16. On or around September 12, 2019, Plaintiff called Ms. Connie Vigil, Project Manager, to follow up on his return to work. After Ms. Vigil stated that she never received a copy of the release from the doctor, Plaintiff sent a copy of his doctor's release to Ms. Vigil.

17. Ms. Vigil told Plaintiff that he could return to work on September 16, 2019. Ms. Vigil further told Plaintiff that the schedule for the week of September 16, 2019 had already been completed, so he could not return to work until September 23, 2019.

18. On or around September 16, 2019, Plaintiff received a termination letter in the mail, which stated "job abandonment" as the reason for his termination.

19. On or around September 17, 2019, Plaintiff filed a grievance through his union.

20. About a month or two later, Defendants reinstated Plaintiff's employment. Defendants never compensated Plaintiff for the lost wages he suffered during the time he was capable of working, from approximately September 16, 2019 through the time he was reinstated.

21. Plaintiff is in formed, believes, and therefore alleges that Plaintiff was terminated because of his disability, his need for reasonable accommodation, his request for reasonable accommodation, his opposition to discrimination and retaliation, and for complaining about his injury.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. Plaintiff timely filed charges with the state of California, Department of Fair Employment and Housing. The Department of Fair Employment and Housing closed Plaintiff's case in order to allow Plaintiff to pursue his civil remedies under the Fair Employment Housing Act ("FEHA") and issued Plaintiff a right to sue letter the same day.

23. Plaintiff timely filed charged with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a right to sue letter from the EEOC, and has timely

4
COMPLAINT

Exhibit 1 Page 13

filed this Complaint pursuant to that letter.

## FIRST CAUSE OF ACTION

### Discrimination

### In Violation of Government Code § 12940, et seq., FEHA

### (Against All Defendants)

24. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

25. At all times herein mentioned, Government Code section 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendant, as Defendant regularly employed five (5) or more persons.

26. California Government Code section 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendant, as Defendant regularly employed at least five people.

27. The FEHA requires Defendant to refrain from discriminating against any employee on the basis of disability and/or medical condition. Cal. Gov't Code § 12940. The FEHA includes protection from discrimination for actual or perceived impairment that is disabling, potentially disabling, or perceived to be disabling. The FEHA requires Defendant to refrain from discriminating against any employee on the basis of, among other things, an individual's disability, whether physical or mental.

28. Plaintiff had a qualifying disability under the FEHA. Plaintiff's physical disability affected Plaintiff's musculoskeletal system and limited Plaintiff's ability to participate in a major life activity, namely, work. Plaintiff's physical disability also limited other major life activities, including but not limited to physical, mental, and social activities.

29. Defendant engaged in unlawful employment practices in violation of the FEHA by discriminating against Plaintiff on the basis of Plaintiff's disability, perceived disability, and/or medical condition. Defendants engaged in unlawful employment practices in violation of the FEHA by demoting, refusing to transfer, refusing to promote, refusing to hire, and ultimately terminating Plaintiff on the basis of Plaintiff's actual and/or perceived disability and

need for an accommodation.

30. Plaintiff is informed, believes, and therefore alleges that Plaintiff's disability and/or need for accommodation was a substantial motivating factor in Defendants' decision to terminate Plaintiff's employment, and other discrimination against Plaintiff, in violation of the FEHA.

31. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code sections 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

32. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, in an amount subject to proof at the time of trial.

33. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon Defendant's employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

34. As a direct and/or proximate result of the wrongful acts of Defendants, Plaintiff

has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

## SECOND CAUSE OF ACTION
### Failure to Accommodate
### In Violation of Government Code § 12940, et seq., FEHA
### (Against All Defendants)

35. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

36. Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including FEHA.

37. Plaintiff's disability limited Plaintiff's ability to engage in the major life activity of working.

38. Although Defendants, and each of them, knew of Plaintiff's disability and medical condition, Defendants, and each of them, refused to accommodate Plaintiff and instead terminated Plaintiff because of Plaintiff's disability and need for reasonable accommodation. Defendant's actions were in direct contravention of the FEHA.

39. Plaintiff alleges that with reasonable accommodations Plaintiff could have fully performed all duties and essential functions of the job in an adequate, satisfactory, and/or outstanding manner.

40. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code section 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

41. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

42. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to reasonably accommodate the disabilities of its employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant owed to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

43. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

### THIRD CAUSE OF ACTION
### Failure to Engage in the Interactive Process
### In Violation of Government Code § 12940, et seq., FEHA
### (Against All Defendants)

44. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

45. The FEHA makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations,

8
COMPLAINT

Exhibit 1 Page 17

if any.

46. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disability.

47. As a direct and/or proximate result of Defendants' acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code section 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

48. As a direct and/or proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

49. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to engage in an interactive process with its employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant owed Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

50. As a proximate result of Defendant's wrongful acts, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to continue to incur, attorneys' fees and costs. Plaintiff is entitled to recover attorneys' fees and costs under

California Government Code section 12965(b).

## FOURTH CAUSE OF ACTION

### Failure to Prevent Discrimination

### In Violation of Government Code § 12940, et seq., FEHA

### (Against All Defendants)

51. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth here.

52. At all times mentioned herein, Government Code section 12940 et seq. including but not limited to sections 12940(j) and 12940(k), was in full force and effect and was binding upon Defendants, and each of them. These sections impose a duty on an employer to take immediate and appropriate corrective action to end discrimination and harassment and take all reasonable steps necessary to prevent discrimination and harassment from occurring, among other things.

53. Defendant failed to take immediate and appropriate corrective action to end the discrimination and harassment. Defendant also failed to take all reasonable steps necessary to prevent the harassment and discrimination from occurring.

54. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and harassment, and in failing and/or refusing to take and or all reasonable steps necessary to prevent harassment and discrimination from occurring, Defendants violated Government Code section 12940(j) and 12940(k), causing Plaintiff to suffer damages.

55. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288, and/or any other provision of law providing for prejudgment interest.

56. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has

10
COMPLAINT

Exhibit 1 Page 19

suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

57. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code section 12965(b).

58. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant owed to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### FIFTH CAUSE OF ACTION
### Retaliation
### In Violation of Government Code § 12940, et seq., FEHA
### (Against All Defendants)

59. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth here.

60. At all relevant times mentioned, Government Code sections 12940 et seq. were in full force and effect and were binding on Defendant, as Defendant regularly employed five (5) or more persons. Government Code section 12940(h) makes it unlawful for any person to

retaliate against an employee who has opposed a discriminatory practice.

61. At all relevant times mentioned, Government Code section 12940(l) makes it unlawful for any person to retaliate against an employee who has requested accommodation, regardless of whether the request was granted.

62. Plaintiff opposed Defendant's discrimination of Plaintiff.

63. Plaintiff engaged in a protected activity by requesting accommodation for Plaintiff's disability.

64. Plaintiff suffered an adverse employment action, including but not limited to, refusal to transfer, failure to promote Plaintiff, the demotion of Plaintiff, and termination. A substantial motivating factor in Defendant's negative/adverse employment actions imposed on Plaintiff was Plaintiffs opposition to discrimination and/or request for accommodation. Therefore, Defendants' conduct constituted unlawful retaliation on account of Plaintiff's age, disability, request for accommodation, and opposition to discrimination in violation of Government Code section 12940(h) and 12940(l).

65. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

66. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

67. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to

12
COMPLAINT

Exhibit 1 Page 21

continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code section 12965(b).

68. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon Defendant's employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SIXTH CAUSE OF ACTION
### Wrongful Termination
### In Violation of California Public Policy
### (Against All Defendants)

76. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as though fully set forth here.

77. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code section 12940 et seq., is to prohibit employers from discriminating, harassing, and retaliating against any individual on the basis of age, disability, and/or engagement in a protected activity. This public policy of the State of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

78. Accordingly, Defendants' actions were wrongful and in contravention of the express public policy of the State of California, specifically, the policy set forth in California and the laws and regulations promulgated thereunder.

79. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered

actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

80. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

81. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent the termination of its employees based on the protected classes identified in the FEHA. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant owed to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SEVENTH CAUSE OF ACTION

### Discrimination

### In Violation of the ADA

### (Against All Defendants)

69. Plaintiff alleges and incorporates all the foregoing paragraphs of this Complaint as though fully set forth here.

70. Defendants are and were at all relevant times employers within the meaning of the

ADA. Plaintiff was at all relevant times an employee within the meaning of the ADA.

71. Plaintiff is, and at all times material hereto was, a qualified individual and employee covered by the Americans with Disabilities Act ("ADA"). The ADA prohibits discrimination on the basis of disability, which includes Plaintiff's upper back injury, in all employment practices. Plaintiff's back injury was a physiological disorder and/or condition that affected one or more body systems, including but not limited to Plaintiff's musculoskeletal system. Plaintiff's back injury substantially limited, as compared to most people in the general population, at least one major life activity, namely, working, but also limited performing manual tasks, sleeping, walking, standing, lifting, bending, and concentrating. Plaintiff's disability was not transitory or minor. At all relevant times, Plaintiff was capable of performing all essential job functions with or without reasonable accommodation.

72. Defendants, at all relevant times, knew and/or regarding Plaintiff as having a qualifying disability within the meaning of the ADA. Defendants also had a record of such impairment. Plaintiff had a record of a physical disability when filing his Workers Compensation claim. Defendants also terminated Plaintiff's employment because of his record of a physical impairment and/or disability.

73. Defendants received adequate notice of Plaintiff's disability and desire for a reasonable accommodation. Plaintiff never rejected any reasonable accommodation.

74. Defendants have continuously discriminated against Plaintiff on the basis of disability in violation of the ADA by continuously engaging in a course of conduct that included, but is not limited to, acts described in this complaint.

75. Defendants discharged, failed to hire, failed to promote, and demoted Plaintiff because he was regarded as having a physical disability, and/or because of his record of having a physical disability.

76. As a proximate result of Defendant's continuous discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, deferred compensation, and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to

proof.

77. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by 42 U.S.C. section 12205.

### EIGHTH CAUSE OF ACTION

### Retaliation

### In Violation of the ADA

### (Against All Defendants)

78. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

79. At all times herein mentioned, the ADA was in full force and effect and was binding on Defendants. The ADA prohibits retaliation against any person who engages in a protective activity.

80. Plaintiff engaged in protected activity by requesting reasonable accommodation for her disability. But for Plaintiff's requesting of a reasonable accommodation, and/or Plaintiff's opposition to discrimination, Defendant would not have terminated Plaintiff's employment.

81. Defendants' conduct as alleged above constituted unlawful retaliation.

82. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

83. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

84. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover

attorneys' fees and costs under 42 U.S.C. § 12205.

## NINTH CAUSE OF ACTION

### Failure to Accommodate

### In Violation of the ADA

### (Against All Defendants)

85. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

86. Although Defendants, and each of them, knew of Plaintiff's physical disabilities, Defendants refused to accommodate Plaintiff's disabilities.

87. As a direct and proximate result of Defendants' refusal to accommodate Plaintiff, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to her damage in an amount according to proof.

88. As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 42 U.S.C. section 12205.

## TENTH CAUSE OF ACTION

### Failure to Engage in the Interactive Process

### In Violation of the ADA

### (Against All Defendants)

89. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

90. The ADA provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

91. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disability.

92. As a direct and proximate result of Defendants acts, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

93. As a direct and legal result of Defendants' actions, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits and emotional distress, all to his damage in an amount according to proof.

94. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 42 U.S.C. section 12205.

## ELEVNTH CAUSE OF ACTION

### Failure to Prevent Discrimination

### In Violation of the ADA

### (Against All Defendants)

95. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

96. Defendants failed to take immediate and appropriate corrective action to end the discrimination against Plaintiff. Defendants also failed to take all reasonable steps necessary to prevent the discrimination from occurring.

97. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination from occurring, Defendants violated the ADA causing Plaintiff to suffer damages as set forth above.

98. As a direct and proximate result of Defendants'' acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

18
COMPLAINT

Exhibit 1 Page 27

99. As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

100. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 42 U.S.C. section 12205.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages according to proof;
4. For attorney fees and costs of suit;
5. For prejudgment and post-judgment interest according to law;
6. Injunctive and/or declaratory relief; and,
7. For such other and further relief as the court may deem just and proper.
8. 

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: October 13, 2020                JML LAW, A Professional Law Corporation

By: /s/ Adam Sherman

JOSEPH M. LOVRETOVICH
JARED W. BEILKE
ADAM J. SHERMAN
Attorneys for Plaintiff

19
COMPLAINT

Exhibit 1 Page 28